FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **SOUTHWEST KEY PROGRAMS, INC.** | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 4:18-cv-3289 |
| **CITY OF HOUSTON** | § § | |
| *Defendant.* | § § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER RULE 26(f)**
**FEDERAL RULES OF CIVIL PROCEDURE**

1. *State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.*

   Response:
   A telephonic conference was held on November 20, 2018, by counsel for Plaintiff Southwest Key Programs, Inc. ("Southwest Key") and Defendant City of Houston ("City").

   Southwest Key was represented by its counsel:

   J. Robin Lindley
   State Bar No. 12366100
   SDTX Bar No. 9693
   lindley@buckkeenan.com
   Laura Gleen
   State Bar No. 24085329
   SDTX Bar No. 1673869
   lgleen@buckkeenan.com
   Buck Keenan LLP
   2229 San Felipe, Suite 1000
   Houston, Texas 77019
   713-225-4500
   713-225-3719 fax

The City was represented by its counsel:

> Tiffany S. Bingham
> Senior Assistant City Attorney
> State Bar No. 24012287
> S.D. Bar No. 1077536
> tiffany.bingham@houstontx.gov
> Brian A. Amis
> Senior Assistant City Attorney
> State Bar No. 24040424
> S.D. Bar No. 37342
> brian.amis@houstontx.gov
> CITY OF HOUSTON LEGAL DEPARTMENT
> 900 Bagby, 4th Floor
> Houston, Texas 77002
> 832.393.6464
> 832.393.6259 (facsimile)

2. *List the cases related to this one that are pending in any state or federal court with the case number and court.*

   None.

3. *Briefly described what this case is about.*

   Southwest Key description:

   Southwest Key wishes to open a facility in Houston to house unaccompanied immigrant minors. The City is preventing it from doing so. Southwest Key has brought claims under the Fair Housing Act, 42 U.S.C. § 1983, the Equal Protection Clause of the 14th Amendment, and the Due Process and Supremacy Clauses of the U.S. Constitution. Southwest Key also seeks declaratory and injunctive relief.

   City of Houston description:

   Southwest Key applied for a name change application and received a certificate of occupancy to operate 419 Emancipation as it had been used in the past by Star of Hope – to house families and/or women and children. Upon being informed that Southwest Key intended to use the facility to house

minors as young as newborns unaccompanied by their parents or legal guardians, the City informed Southwest Key that its certificate of occupancy would be invalid for that new intended use. Southwest Key filed this lawsuit instead of submitting a new application for a certificate of occupancy and going through the administrative procedures required for its new intended use.

4. *Specify the allegation of federal jurisdiction.*

   This Court has jurisdiction pursuant to 42 U.S.C. § 3613 and 28 U.S.C. §§ 1331 and 1343, because Southwest Key states claims arising under the laws of the United States.

5. *Name the parties who disagree and the reasons.*

   The City submits that the Court lacks subject matter jurisdiction because Plaintiff's claims are not ripe. In addition, Plaintiff lacks standing to bring its equal protection claim.

6. *List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.*

   None at this time.

7. *List anticipated interventions.*

   None at this time.

8. *Describe class-action or collective action issues.*

   None.

9. *State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.*

   The parties have agreed to make the initial disclosures required by Rule 26(a) on or before January 4, 2018.

10. *Describe the proposed agreed discovery plans, including:*

A.   *Responses to all the matters in Rule 26(f).*

The parties discussed the matters raised in Rule 26(f). The parties agree that this case warrants six months of discovery, but that the start date for that discovery is contingent on whether the Court stays discovery during the pendency of the City's dispositive motions, and the length of that stay. The parties seek the Court's guidance on this matter.

B.   *When and to whom the plaintiff anticipates it may send interrogatories.*

Plaintiff anticipates sending interrogatories to the City of Houston 30-60 days after the initial scheduling conference.

Defendant contends that discovery is stayed pursuant to Texas Civil Practice & Remedies Code Section 27.003(c) (TCPA). Plaintiff disagrees with this contention as the TCPA is procedural, not substantive, does not apply to federal claims, and the City is not a proper party to urge such a motion.

C.   *When and to whom the defendant anticipates it may send interrogatories.*

Pursuant to Texas Civil Practice & Remedies Code Section 27.003(c), Defendant contends there is a general stay on discovery until the Court rules on the City's Texas Citizens Participation Act motion. The City anticipates sending interrogatories 30-60 days after the stay is lifted.

The City of Houston has also filed a Motion to Dismiss for Lack of Jurisdiction under Fed. R. Civ. Proc. 12(b)(1) and a Motion for Judgment on the Pleadings under Fed. R. Civ. Proc. 12(c). The City believes that the Court should also stay discovery until after the Court rules on these dispositive motions. For this reason, the City anticipates sending interrogatories 30-60 days after the Court rules on its Motions to Dismiss.

D. *Of whom and by when the plaintiff anticipates taking oral depositions.*

Plaintiff anticipates deposing:
- Fire Chief Pena;
- Mayor Turner;
- Corporate representative of the City;
- Gerardo Rey, Fire Inspector;
- Scott Walters, Water Tester;
- Billy _____, Sprinkler Inspector;
- Patrick Key, Assistant Director of Houston Health Department;
- Chris Butler: Deputy Director of Houston Permitting Center;
- Bobby Oaks, Deputy Building Official for Houston Permitting Center;
- Harry Hayes, Chief Operating Officer;
- Carol Haddock, Direct of Houston Public Works;
- Alan Bernstein, City Spokesperson;
- Alanna Reed, Houston Department of Public Works Spokesperson;
- Any experts designated by the City;
- Additional deponents to be identified through interrogatories and document production.

Plaintiff anticipates completing oral depositions on or before the discovery cutoff.

E. *Of whom and by when the defendant anticipates taking oral depositions.*

The City anticipates deposing:

- Juan Jose Sanchez, Southwest Key, President
- Alexia Rodriguez, Southwest Key, Vice President
- Marisela Saldana, Southwest Key, Regional Director
- Adriana Guiterrez, Regional Executive Director
- Domianique Vital, Texas Health & Human Serv.
- Lisa Brown, City Code Girl Consulting
- J. Hal Caton, Engineer

- Corporate Representative(s), Southwest Key
- Corporate Representative, Texas Health & Human Serv.
- Corporate Representative, ORR

The City anticipates deposing fact witnesses after paper discovery but before the close of discovery. The City anticipates deposing expert witnesses within 75 days of designation or sooner, subject to the discovery deadline.

F. *When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.*

The parties propose that the party with the burden of proof designate its experts and provide reports 75 days before the discovery cut-off, and that the party without the burden of proof designate its experts and provide reports 30 days before the discovery cut-off.

G. *List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).*

Plaintiff anticipates deposing all experts designated by Defendant within 30 days of designation.

H. *List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)*

The City anticipates deposing experts designated by Plaintiff within 75 days of designation.

11. *If the parties are not agreed on a part of the discovery plans, describe the separate views and proposals of each party.*

Whether discovery ought to be stayed, and by how long, is the only issue, as described above.

12. *Specify the discovery beyond initial disclosures that has been undertaken to date.*

    None.

13. *State the date the planned discovery can reasonably be completed.*

    The parties propose June 28, 2019, based on discovery beginning in early January.

14. *Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.*

    The parties conducted a settlement conference prior to the Rule 26(f) meeting which was unsuccessful.

15. *From the attorneys' discussions with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.*

    The City does not believe that alternative dispute resolution will be effective to resolve this matter.

    While Southwest Key would be open to another attempt at mediation or other alternative dispute resolution, it recognizes that the City's reticence likely precludes the success of any such attempts.

16. *Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.*

    The parties do not consent to trial before a magistrate judge.

17. *State whether a jury demand has been made and if it was made on time.*

    A timely jury demand has been made.

18. *Specify the number of hours it will take to present the evidence in this case.*

    The parties estimate that it will take 25 hours to present evidence in this case.

19. *List pending motions that could be ruled on at the initial pretrial and scheduling conference.*

    SWK:  Plaintiff's Motion for Partial Summary Judgment.

    City:  The City believes there are no pending motions that should be ruled upon on at the December 5 conference.  Plaintiff's Motion for Partial Summary Judgment has a December 3 submission date.  However, on December 16, the City filed a Motion to Dismiss under Rule 12(b)(1), Motion to Dismiss under Rule 12(c), and a Motion to Dismiss under the Texas Citizens Participation Act.  The City believes that the Motions to Dismiss must be ruled on before the Court considers Plaintiff's dispositive motion on the merits.

20. *List other motions pending.*

    None at this time.

21. *Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.*

    The parties would like to discuss a pleading amendment deadline with the court at the conference.

22. *List the names, bar numbers, addresses and telephone numbers of all counsel.*

*Counsel for Plaintiff:*
J. Robin Lindley
State Bar No. 12366100
SDTX Bar No. 9693
Laura Gleen
State Bar No. 24085329
SDTX Bar No. 1673869
2229 San Felipe, Suite 1000
Houston, Texas 77019
(713) 225-4500

*Counsel for Defendant:*
<u>Tiffany S. Bingham</u>
State Bar No. 24012287
S.D. Bar No. 1077536
<u>Brian A. Amis</u>
State Bar No. 24040424
S.D. Bar No. 37342
CITY OF HOUSTON LEGAL DEPARTMENT
900 Bagby, 4th Floor
Houston, Texas 77002
(832) 393-6464

        Respectfully submitted,

        */s/ J. Robin Lindley*
        J. Robin Lindley
        State Bar No. 12366100
        SDTX Bar No. 9693
        lindley@buckkeenan.com
        2229 San Felipe, Suite 1000
        Houston, Texas 77019
        (713) 225-4500
        (713) 225-3719 (fax)

        **ATTORNEY-IN-CHARGE FOR**
        **SOUTHWEST KEY PROGRAMS, INC.**

**OF COUNSEL**
Laura Gleen
State Bar No. 24085329
SDTX Bar No. 1673869
lgleen@buckkeenan.com
2229 San Felipe, Suite 1000
Houston, Texas 77019
(713) 225-4500
(713) 225-3719 (fax)

        RONALD C LEWIS
        CITY ATTORNEY
        JUDITH L. RAMSEY
        CHIEF, GENERAL LITIGATION SECTION

    By: */s/ Tiffany S. Bingham*
        Tiffany S. Bingham
        Senior Assistant City Attorney
        ATTORNEY IN CHARGE
        State Bar No. 24012287
        S.D. Bar No. 1077536
        tiffany.bingham@houstontx.gov
        CITY OF HOUSTON LEGAL DEPARTMENT
        900 Bagby, 4th Floor
        Houston, Texas 77002
        832.393.6445
        832.393.6259 (facsimile)

Of Counsel:

Brian A. Amis
Senior Assistant City Attorney
State Bar No. 24040424
S.D. Bar No. 37342
brian.amis@houstontx.gov
CITY OF HOUSTON LEGAL DEPARTMENT
900 Bagby, 4th Floor
Houston, Texas 77002
832.393.6464
832.393.6259 (facsimile)

*Attorneys for the City of Houston*

## CERTIFICATE OF SERVICE

      On November 21, 2018, I electronically submitted this pleading to the Clerk of the Court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel of record electronically or by another manner provided by Federal Rules of Civil Procedure 5(b) (2).


                                    */s/ J. Robin Lindley*
                                    J. Robin Lindley